UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FINAL EXPENSE DIRECT**,

   Plaintiff,

v.                                                                       Case No. 8:23-cv-2093-WFJ-AAS

**PYTHON LEADS, LLC**; **JACQUELYN LEAH LEVIN**; and **DAVID LEVIN**,

   Defendants.
_____/

## ORDER

Before the Court is Final Expense Direct's ("Plaintiff") partially unopposed Motion to Dismiss or Strike Python Leads, LLC ("Python"), Jacquelyn Leah Levin, and David Levin's (collectively, "Defendants") Counterclaims (Dkt. 36). Defendants have responded (Dkt. 37). Upon careful consideration, the Court grants-in-part and denies-in-part Plaintiff's Motion

### BACKGROUND[1]

On December 11, 2023, Plaintiff filed an eleven count Amended Complaint alleging: Count I—breach of contract against Python; Count II—breach of contract against Ms. Levin; Count III—breach of implied-in-fact contract against Python and Ms. Levin; Count IV—promissory estoppel against Python and Ms. Levin;

---

[1] A full account of the alleged facts leading up to this lawsuit can be found in the Court's Order denying Defendants' Motion to Dismiss. *See* Dkt. 34 at 1–7.

Count V—quantum meruit against Python and Ms. Levin; Count VI—violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201–501.203 against all Defendants; Count VII—fraud in the inducement against all Defendants; Count VIII—negligent supervision against Python and Ms. Levin; Count IX—fraudulent misrepresentation against all Defendants; Count X—negligent misrepresentation against all Defendants; and Count XI—civil conspiracy against all Defendants. Dkt. 25 at 19–46. Defendants moved to dismiss, Dkt. 29, but Plaintiff's Amended Complaint survived in its entirety, Dkt. 34. Defendants consequently filed an Answer. Dkt. 35.

Beyond general denials, Defendants' Answer contains three counterclaims: Counterclaim I—breach of contract; Counterclaim II—unjust enrichment (in the alternative); and Counterclaim III—account stated (in the alternative). *Id.* at 24–27. With respect to Counterclaim I, Python requests "an award of damages in excess of $3,400, plus attorneys' fees, interests and costs." *Id.* at 25. Python also generally requests, in Defendants' Prayer for Relief, damages for harm "to [Python's] reputation and loss of customers, interest, and [Python's] reasonable attorneys' fees and costs incurred and to be incurred by Python in connection with the enforcement of the [subject contract]." *Id.* at 27.

On March 11, 2024, Plaintiff filed the instant Motion. Dkt. 36. Plaintiff argues that attorneys' fees are not available for any of Defendants' counterclaims

2

and that Defendants are similarly unable to recover any damages for reputational harm or loss of customers. *Id.* at 4–7. Defendants agree that they cannot recover attorneys' fees but contend that they may be entitled to reputational damages or damages related to the loss of customers. Dkt. 37 at 4.

## LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 12(b)(6)

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### II. Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters', and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or

otherwise prejudice a party." *Italiano v. Jones Chemicals, Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995) (collecting cases).

## DISCUSSION

Because Defendants agree that they have no entitlement to attorneys' fees, Dkt. 37 at 3, the only issue to consider is whether it would be appropriate to dismiss or strike Defendants' request for damages related to reputational harm and loss of customers.[2] Plaintiff maintains that such damages are unrecoverable on the facts alleged. Dkt. 36 at 5–7. Defendants argue to the contrary. Dkt. 37 at 4.

The Court agrees with Plaintiff. "Damages cannot be based on speculation, conjecture, or guesswork." *Swindell v. Crowson*, 712 So. 2d 1162, 1164 (Fla. 2nd DCA 1998). Further, "Florida follows the general rule that to be recoverable, damages for breach of contract 'must arise naturally from the breach, or have been in the contemplation of both parties at the time they made the contract, as the probable result of a breach.'" *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1531 n.11 (11th Cir. 1985) (quoting *Hobbley v. Sears, Roebuck & Co.*, 450 So. 2d 332, 333 (Fla. 1st DCA 1984)). Here, Defendants' counterclaims allege no facts which even suggest that Python may have suffered reputational harm or a loss of customers from Plaintiff's alleged failure to make full payment under the subject

---

[2] "In general, the recovery of attorney's fees as damages or costs by the prevailing party to an action is allowed only when provided for by statute or contract, or when a fund has been created and brought into court." *Italiano*, 908 F. Supp. at 907 (collecting cases). There is no contract or statute that allows Defendants to recover attorneys' fees in this lawsuit.

4

contract. *See generally* Dkt. 35 at 23–27; Dkt. 37 at 4. It follows that these damages have no apparent relationship with Defendants' counterclaims. They may be stricken. *See Italiano*, 908 F. Supp. at 907.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Motion (Dkt. 36) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

(2) Defendants' requests for attorneys' fees, damages related to reputational loss, and damages related to loss of customers are stricken.

(3) Defendants may replead their counterclaims if they wish to incorporate factual allegations that may render relevant such requests.

(4) The Court declines to dismiss any of Defendants' counterclaims under Rule 12(b)(6).

**DONE AND ORDERED** at Tampa, Florida, on March 26, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record