UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINAL EXPENSE DIRECT,

    Plaintiff,

v.                                         Case No.: 8:23-cv-2093-WFJ-AAS

PYTHON LEADS, LLC, JACQUELYN
LEAH LEVIN, and DAVID LEVIN,

    Defendants.
_____/

## ORDER

Plaintiff Final Expense Direct (Final Expense) moves for an order compelling Defendants Python Leads, LLC (Python), Jacquelyn Leah Levin, and David Levin (collectively, the defendants) to produce documents responsive to Final Expense's Second Set of Requests for Production Nos. 3, 9, and 13. (Doc. 53). The defendants oppose Final Expense's motion. (Doc. 56).

**I.    BACKGROUND**

Final Expense, who engages in insurance sales, alleges it contracted with Python, a limited liability company that provides telephone leads for marketing purposes. (Doc. 25, ¶¶ 10–12, 25). Ms. Levin is the founder and only member of Python, while Mr. Levin is an employee of Python. (*Id.*, ¶¶ 7, 11–12). As part of the agreement, Final Expense alleges Python agreed to generate

1

telephone leads for Final Expense's insurance sales and indemnify Final Expense for any leads that violate the Telephone Consumer Protection Act of 1991 (TCPA). (*Id.*, ¶¶ 12, 14). Final Expense contends the defendants refused to indemnify them for lawsuits brought against it for TCPA violations, which settled for an amount more than $100,000.00 because the defendants "refused to participate." (*Id.*, ¶¶ 26, 28). Final Expense sued the defendants to pierce the corporate veil and hold them responsible through causes of action ranging from breach of contract to civil conspiracy. (*Id.*).

On May 28, 2024, Final Expense served its Second Set of Requests for Production on the defendants. (*See* Doc. 53-8). On June 27, 2024, the defendants served their objections and responses to Final Expense's requests. (*See* Doc. 53-11). Final Expense now moves for an order compelling the defendants to provide documents responsive to request for production nos. 3, 9, and 13. (Doc. 53). The defendants oppose the motion. (Doc. 56).

**II.   ANALYSIS**

Federal Rule of Civil Procedure 26(b)(1) allows discovery of any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When requesting disclosure, "[a] party may move for an order compelling discovery from the

2

opposing party." *Goodloe Marine, Inc. v. B.C. Towing, Inc.*, No. 8:20-cv-679, 2021 WL 4133736, at *1 (M.D. Fla. Sept. 10, 2021); Fed. R. Civ. P. 37(a). "The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional." *Id.* (citing *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016)). "The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome." *Id.* (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985)).

A district court has broad discretion to compel or deny discovery. *Ray v. Bridgestone Retail Operations, LLC*, No. 3:20-cv-857, 2021 WL 3371494 (M.D. Fla. Aug. 3, 2021) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011)). It has long been established that "the courts must employ a liberal standard in keeping with the purpose of the discovery rules," although the 2015 amendments temper the element of relevance by allowing discovery "through increased reliance on the common-sense concept of proportionality." *Off. Depot, Inc. v. Elementum Ltd.*, No. 9:19-CV-81305, 2020 WL 5506445, at *3 (S.D. Fla. Sept. 14, 2020) (citation omitted).

Final Expense's Second Set of Requests for Production Nos. 3, 9, and 13

are at issue. The court will consider each request in turn.

> REQUEST NO. 3: Produce all communications between Defendants and Final Expense relating to Defendants informing Final Expense that Mr. Ali Raza[1] is Python's and/or Ms. Levin's vendor in their native form.
>
> RESPONSE: Objection. Harassing and unduly burdensome to the following extent: If a communication was between Defendants and Final Expense, then Final Expense would be in possession of any such communication in their native form. Moreover, to the extent Mr. Raza (on purported behalf of Defendants or otherwise) was communicating with Final Expense directly without copying Defendants or without Defendants' knowledge, Final Expense would have those communications, and not Defendants.

Final Expense is requesting production of communications between *itself* and the defendants relating to Mr. Raza. Because these are communications with Final Expense, they would possess those documents. It is overly burdensome to request the defendants expend time and resources searching for communications Final Expense has in its possession. Thus, the defendants' objection to request for production no. 3 is sustained.

> REQUEST NO. 9: Produce all call logs related to all lead-generating calls that Defendants, including its agents, vendors, or independent contractors, performed for Final Expense from January 1, 2021 to the present.
>
> RESPONSE: Defendants are not in possession of any such call logs. However, Telcast Networks may have such call logs.

---

[1] Mr. Raza served as Python's vendor/contractor at the relevant time.

The defendants state they are not in possession of requested call logs. The court cannot compel documents not in a party's possession, custody, or control. *See Bloodworth v. United States*, 623 F. App'x 976, 979 (11th Cir. 2015) ("A party does not have authority to compel the production of documents outside the possession, control, or custody of a party to the case through a motion to compel under Rule 37."); *see also Eckhardt v. United States*, No. 5:19-CV-00266-TES, 2021 WL 2516555, at *7 (M.D. Ga. June 18, 2021). However, the Eleventh Circuit has held that control is defined not only as possession, but has the legal right to obtain documents requested upon demand. *Searock v. Stripling*, 736 F.2d 650 (11th Cir. 1984). The defendants, "in good faith," provided Final Expense with the name of the entity likely in possession of these call logs—Telcast Networks. (Doc. 56, p. 4). As such, Final Expense could issue a third-party subpoena requesting these call logs.[2] Thus, the defendants' objection to request for production no. 9 is sustained.

> REQUEST NO. 13: Produce all documents showing Mr. Ali Raza's contact information and residential address from January 1, 2020 to the present.
>
> RESPONSE: Objection. Overly broad and unduly burdensome, since this request effectively asks Defendants to review and/or

---

[2] Final Expense cites *Rollins v. Banker Lopez & Gassler*, 2020 WL 1939396, No. 8:19-cv-2336-T-33SPF (M.D. Fla. April 22, 2020), in support of its motion to compel. (Doc. 53, p. 8). However, in *Rollins*, the defendants were requesting to compel a response to a third-party subpoena.

5

produce every e-mail with/from Mr. Raza over the past 4.5 years, regardless of its relevance herein. Without waiving said objection, Defendants have previously produced documents that show Mr. Raza's e-mail addresses and telephone numbers. Finally, Defendants do not have any information or documentation regarding Mr. Raza's residential address, as Defendants generally communicated with Mr. Raza via Skype, Zoom and e-mail.

As drafted, this request requires that the defendants review and produce every communication with Mr. Raza over the past four and a half years, regardless of its relevance. This request is not proportional to the needs of this case. If Final Expense requests the defendants' knowledge of Mr. Raza's contact information and residential addresses, Final Expense could propound an interrogatory requesting that the defendants list all known contact information for Mr. Raza. Thus, the defendants' objection to request for production no. 13 is sustained.

## III. CONCLUSION

Accordingly, is it **ORDERED** that Final Expense's motion to compel (Doc. 53) is **DENIED**.

**ENTERED** in Tampa, Florida on August 30, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge