UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FINAL EXPENSE DIRECT**,

    Plaintiff,

v.                                      Case No. 8:23-cv-2093-WFJ-AAS

**PYTHON LEADS, LLC**, **JACQUELYN
LEAH LEVIN**, **DAVID LEVIN**, and
**ALI RAZA**,

    Defendants.

_____/

## ORDER

Before the Court is Defendants' motion to strike illegally intercepted oral communications, to dismiss this action, and/or for sanctions for violation of Florida Statutes section 934.03, Dkt. 77. Plaintiff has responded, Dkt. 80. After careful consideration, the Court grants Defendants' motion in part. The audio recordings are not to be used in this case. The rest of the motion is denied.

## BACKGROUND

Plaintiff Final Expense Direct ("Final Expense"), an end-of-life-expenses insurance company, has sued Defendants in a twelve-count complaint alleging breach of contract, violation of the Florida Deceptive and Unfair Trade Practices Act, and related equitable and tort claims. Dkt. 70 at 3, 20–50. Defendants allegedly

1

entered into an agreement with Final Expense to provide, and accept legal responsibility for, telemarketing services. *Id.* at 3, 8–10. The dispute, in sum, arises from Defendants' alleged failure to generate client leads for Final Expense in compliance with consumer protection laws, and then to indemnify Final Expense for defending against resultant claimants who Defendants improperly contacted (*e.g.*, people on do-not-call lists). *See id.* at 5–8.

The motion before the Court arises from Plaintiff recording at least four telephone conversations with Defendants—specifically Ms. and Mr. Levin—without Defendants' knowledge. Dkt. 77 at 2–3. Around the same time as these calls, Plaintiff was negotiating a $100,000 settlement with aggrieved consumers allegedly improperly contacted by Defendants. *Id.* at 2. Defendants contend these recordings were meant to capture any admissions Defendants might make about their indemnification obligations to Plaintiff. *Id.* at 3.

Defendants now move, *inter alia*, to strike use of the recordings as they were captured in violation of Florida Statutes section 934.03, the Florida Security of Communications Act. *See generally* Dkt. 77. Plaintiffs assert a number of reasons why the recordings are valid, including the inapplicability of the statute to Plaintiff, Plaintiff's lack of minimum contacts with Florida, federal law governing the admissibility of evidence, and Defendants' failure to state a violation of the statute regardless. *See generally* Dkt. 80. The Court conducts the relevant analysis below,

and finds that recordings of Defendants' conversations without their consent are not to be used in this case.

## LEGAL STANDARD

Florida Statutes section 934.03(2)(d) provides that it is lawful for a person to intercept an oral communication only "when all of the parties to the communication have given prior consent to such interception." That is, all parties to a conversation must consent to its recording in Florida. Otherwise, an intentional interception or disclosure of an oral communication is punishable both criminally and civilly. Fla. Stat. §§ 934.03, 934.10.

An "oral communication" is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ." § 934.02(2). A person's expectation against interception thus "requires not only a subjective expectation of privacy, but the expectation must also be reasonable in order for the communication to be protected." *Abdo v. State*, 144 So. 3d 594, 596 (Fla. 2d DCA 2014). An "interception" is deemed to have occurred where the communication is uttered, not where it is recorded. *Cohen Bros., LLC v. ME Corp., S.A.*, 872 So. 2d 321, 324 (Fla. 3d DCA 2004).

## DISCUSSION

The Court first acknowledges the unique procedural posture of Defendants' motion. Defendants do not assert a counterclaim for violation of section 934.03, but rather use a violation of section 934.03 as the basis for their motion to strike the recordings. As such, there is no claim alleged against Plaintiff, *i.e.*, nothing over which the Court could decide it has jurisdiction. The parties' arguments on personal jurisdiction therefore seem misplaced in this situation, especially in light of Plaintiff voluntarily filing this lawsuit in Florida. The Court's relevant analysis is limited to whether Plaintiff violated section 934.03, in which case it would be inappropriate to allow use of the illegal recordings.

The Court finds that Plaintiff made or possesses the audio recordings in violation of section 934.03. The parties do not dispute that Plaintiff, while in Texas, recorded at least four conversations with Ms. and Mr. Levin, who spoke over the telephone from their Florida home. Dkts. 80 at 4; 77 at 4, 7. Florida law requires all parties to a conversation to consent to its recording. *See* Fla. Stat. § 934.03(2)(d). Plaintiff knew or certainly should have known this given its dealings in telecommunications. Dkt. 77 at 8 ("Plaintiff . . . admitted, through its principals' deposition testimony that, as a company in this area, it understands there are two-party consent states and different laws throughout the country. Therefore, it is admittedly Plaintiff's general practice when initiating calls to individuals to notify

4

every person, at the beginning of the call, that the call is being recorded and/or obtain the participant's consent before proceeding with the call. Despite its typical practices, . . . Plaintiff failed to notify or alert [Ms. and Mr. Levin].")  Defendants uttered the communications in Florida, in their home, where there is an expectation of privacy. *Cohen Bros.*, 872 So. 2d at 324; *State v. Mozo*, 655 So. 2d 1115, 1117 (Fla. 1995) ("[T]he 'intercepted' conversations originated within the Mozos' home and thus exhibited the required expectation of privacy demanded by section 934.02(2)."); *Hentz v. State*, 62 So. 3d 1184, 1191–92 (Fla. 4th DCA 2011) (defendant, while speaking over the phone to co-defendant who was at police station, still had reasonable expectation of privacy in his communications because he was at home). Section 934.03 applies, and Plaintiff has violated it by recording Defendants without their knowledge.

Plaintiff's arguments that its conduct did not violate the statute are unavailing. Plaintiff's first argument, citing *Rathbun v. United States*, 355 U.S. 107, 111 (1957), is that Plaintiff's phone system has multiple extension numbers, so Defendants have no expectation of privacy when others are able to eavesdrop on their conversation from another phone line. Dkt. 80 at 7–8. *Rathbun* is inapplicable here. Plaintiff's phone system with extension lines is irrelevant; Defendants make no allegations that an eavesdropper intercepted their communications. This is not a basis upon which to decide that Defendants had no expectation of privacy in their communication.

Plaintiff's second argument is that section 934.03 does not apply to its phone because the statute does not apply to phones "[f]urnished to the . . . user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business . . . ." Fla. Stat. § 934.02(4)(a)(1). Plaintiff asserts that its phone was used exclusively in the ordinary course of business, so it falls outside the statute's scope. Dkt. 80 at 9. Plaintiff, however, has explained that it records calls with customers and potential customers because its insurance carriers require it to do so. Dkt. 80-2 at 6 ("They want to make sure that you're saying what you're supposed to be saying and you're not trying to deceive anybody out of their money for an insurance policy. So it's just a standard requirement if you're selling insurance policies over the phone.").

Plaintiff's company policy is therefore recording life insurance customer calls for quality and compliance purposes. Plaintiff's calls with the Defendants in its lawsuit do not fall within this company policy of recording customer calls for those purposes. *See Stallely v. ADS Alliance Data Sys., Inc.*, 602 F. App'x 732, 734 (11th Cir. 2015) (ADS's recordings of calls to plaintiff about his credit card accounts fell within "business extension exception" to section 934.03 because it was "company policy" to record calls with account holders). Plaintiff's recordings of Defendants were not captured in the ordinary course of its business, and thus are not exempt from section 934.03.

In short, Florida requires all parties to a conversation to consent to its recording. Plaintiff knew or certainly should have known this. Yet Plaintiff recorded Defendants' communications without their knowledge—communications made in their Florida home. As Plaintiff has recordings of Defendant in violation of Florida Statutes section 934.03, Plaintiff cannot use them in this lawsuit. Further sanctions and dismissal are not warranted.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Defendants' motion to strike illegally intercepted oral communications, to dismiss this action, and/or for sanctions for violation of Florida Statutes section 934.03, Dkt. 77, is granted in part. The audio recordings are not to be used in this case. The rest of the motion is denied.

**DONE AND ORDERED** at Tampa, Florida, on December 3, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record