## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FINAL EXPENSE DIRECT,**

      **Plaintiff,**

**v.**                                **Case No.: 8:23-cv-2093-WFJ-AAS**

**PYTHON LEADS, LLC, JACQUELYN
LEAH LEVIN, AND DAVID LEVIN,
AND ALI RAZA,**

      **Defendants.**

_____/

## <u>ORDER</u>

Plaintiff Final Expense Direct (Final Expense) moves for an order allowing service of process on Defendant Ali Raza by electronic means, including via email, under Fed. R. Civ P. 4(f)(3). (Doc. 96).

Mr. Raza resides at Street 03, Mohallah Murshad Town, Khanna, Kaak, Rawalpindi, Pakistan. (*See* Doc. 70; Doc. 53, Ex. I). Final Expense attempted to serve Mr. Raza under the Hague Convention Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (Hague Convention) by mailing the summons (Doc. 82), the second amended complaint (Doc. 70), and a request for service abroad of judicial or extrajudicial documents to Pakistan's Central Authority at Ministry of Law and Justice,

Room No. 343, R Block, Pak Secretariat, Islamabad, Pakistan. (*See* Doc. 96, Exs. 1, 2). However, the service attempt failed.

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternative method of service to be effectuated upon foreign defendants if it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. Fed. R. Civ. P. 4(f)(3); *see Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 972 (11th Cir. 2003) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements."); *see also Ligeri v. Arizona Daily Indep., LLC*, No. 8:23-CV-1318-CEH-AEP, 2024 WL 98208, at 3 (M.D. Fla. Jan. 9, 2024) ("Specifically, service by e-mail has been held as a permissible means of alternative service of process.") (*citing Meza v. JC & Son's Constr. LLC*, No. 6:23-CV-242-WWB-LHP, 2023 WL 4904724, at 2 (M.D. Fla. Aug. 1, 2023); *U.S. Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. 617, 621 (S.D. Fla. 2011) (granting leave under Rule 4(f)(3) to serve summons, complaint, and subsequent pleadings on defendant in Honduras via email).

In its Declarations, Pakistan's Central Authority does not explicitly object to the service of judicial documents via email to persons residing in

Pakistan. (*See* Doc. 96-3). In addition, Mr. Raza's alirazashaheen2@gmail.com email address is a reliable source for service.[1] Consequently, service on Mr. Raza at his last known email address: "alirazashaheen2@gmail.com," is appropriate and would not conflict with the Hague Convention.

Accordingly, Final Expenses' motion for substitute service (Doc. 96) is **GRANTED**. Final Expense may serve Ali Raza via email at alirazashaheen2@gmail.com, attaching a copy of the summons (Doc. 83), the second amended complaint (Doc. 70), and this order granting substitute service.

**ORDERED** in Tampa, Florida, on January 22, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] Mr. Raza currently operates under this email address to promote his business. (*See* Doc. 96-4). Mr. Raza also used this email address to contact Final Expense to request payment of invoices. (*See* Doc. 70-2, pp. 2–3). On January 23, 2024, Mr. Raza used this email address to attend a Zoom meeting with Final Expense. (*See* Doc. 80-3, p. 2).