UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINAL EXPENSE DIRECT,

    Plaintiff,

v.                                                         Case No. 8:23-cv-2093-WFJ-AAS

PYTHON LEADS, LLC, JACQUELYN
LEAH LEVIN, DAVID LEVIN, AND
ALI RAZA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Final Expense Direct moves for entry of a default judgment against Defendant Ali Raza. (Doc. 70). Generally, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

Federal Rule of Civil Procedure 55(b) provides that where, as here, a clerk's default has been entered, a plaintiff may apply to either the clerk or the

1

court for a default judgment. Fed. R. Civ. P. 55(b). A default judgment may then be awarded if "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 54(b) states, however, that in a lawsuit involving multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). The "preferred practice" in multi-defendant actions where only some defendants are in default is to withhold granting a default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants. *N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012) (internal quotation marks and citations omitted). Courts that have taken this approach have done so, at least in part, to avoid inconsistent judgments. *See, e.g.*, *Auto-Owners Ins. Co. v. Bailey*, 378 F. Supp. 3d 1213, 1221 (M.D. Ga. 2019) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)); *Northfield Ins. Co. v. Browning Timber & Saw Mill, LLC*, No. 4:17-cv-01236-ACA, 2018 WL 3135970, at *2 (N.D. Ala. June 27, 2018); *Zurich Am. Ins. Co.*

*v. Ednic Trading Corp.*, No. 13-62229-CIV, 2014 WL 869216, at *1 (S.D. Fla. Mar. 5, 2014) (citations omitted).

Thus, for the reasons above, the undersigned **RECOMMENDS** that First Response Direct's motion for entry of default judgment against Ali Raza (Doc. 70) be **DENIED without prejudice**.

**ENTERED** in Tampa, Florida, on May 8, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.