UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FINAL EXPENSE DIRECT,**

    **Plaintiff,**

v.                                                **Case No. 8:23-cv-2093-WFJ-AAS**

**PYTHON LEADS, LLC, et al.,**

    **Defendants.**

_____/

## ORDER

Defendant Ali Raza moves to vacate a clerk's default entered against him on March 20, 2025. (Doc. 116). Plaintiff Final Expense Direct (Final Expense) opposes the motion. (Doc. 121).

Rule 55(c) of the Federal Rules of Civil Procedure provides that the "Court may set aside an entry of default for good cause . . .." According to the Eleventh Circuit,

> "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one, but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. [*Commercial Bank of Kuwait v.] Rafidain Bank*, 15 F.3d [238] at 243 [(2d Cir. 1994)]; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether

1

> there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992).

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951–52 (11th Cir. 1996).

Mr. Raza is a resident of Pakistan, and Final Expense attempted service of process through the Hague Convention's procedures and by e-mail. (Doc. 116, p. 4). By the time Mr. Raza retained counsel, Final Expense secured a clerk's default against him. Mr. Raza reasonably relied on settlement discussions prior to the default. Where a defendant engaged in settlement discussions with the plaintiff, courts have found good cause for failure to file a timely response and minimal prejudice to the plaintiff. *See Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1205 (11th Cir. 1999), ("continuing settlement negotiations constitute good cause for a defendant's failure to file a timely response"); *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783-84 (11th Cir. 1993) ("where a plaintiff has engaged in ongoing communications with a defendant, plaintiff's claims of prejudice from setting aside a default are substantially weakened").

In addition, Mr. Raza intends to raise defenses of statute of limitations, statute of frauds, waiver, estoppel, unclean hands, the termination of the March 2021 contract, and entering a new agreement on June 25, 2021. (*See* Doc. 116-5). A defendant must only show "a hint of a suggestion" of a

2

meritorious defense to justify vacating a default. *Moldwood Corp. v. Stablex Corp.*, 959 F. Supp. 586, 589 (M.D. Fla. 1996). "[T]he defendant's burden to establish a meritorious defense is not heavy," and "all that is necessary is a presentation of some legal excuse for the default." *Kelly v. Florida Atlantic University*, 967 F. Supp. 2d 1371, 1376 (S.D. Fla. 2013). The defenses presented by Mr. Raza meet this threshold

Good cause exists to vacate the clerk's default entered against Mr. Raza. Accordingly, Mr. Raza's motion to vacate the clerk's default (Doc. 116) is **GRANTED**. By **June 13, 2025**, Mr. Raza must respond to Final Expense's complaint.

**ORDERED** in Tampa, Florida, on May 30, 2025.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge