# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**FINAL EXPENSE DIRECT,**

    **Plaintiff,**

v.                                                               Case No. 8:23-cv-2093-WFJ-AAS

**PYTHON LEADS, LLC, et al.**

    **Defendants.**
_____/

## ORDER

Plaintiff Final Expense Direct (Final Expense) moves for an order compelling Defendants Python Leads, LLC (Python), Jacquelyn Leah Levin, and David Levin (collectively, the defendants) to produce documents responsive to Final Expense's requests for production. (Doc. 139). When the defendants failed to timely respond to the motion, the court directed a response by August 8, 2025. (Doc. 148). When the defendants failed to respond by August 8, 2025, the court directed a response by August 15, 2025. (Doc. 149). The court warned that if the defendants failed to timely respond, then the motion would be treated as unopposed. (*Id.*). On August 18, 2025, instead of filing a response to the motion, Python and Ms. Levin filed their updated responses to the requests for production at issue.[1] (*See* Doc. 152).

---

[1] Mr. Levin, proceeding pro se, did not respond.

Under Federal Rule of Civil Procedure 5(d)(1)(A), "discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing." Neither situation applies here. Thus, Python's and Ms. Levin's filing is due to be stricken.

In addition, the defendants still have not filed a proper response to Final Expense's motion to compel. As previously warned, the motion is now treated as unopposed and due to be granted. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Further, Final Expenses is due to be compensated for its attorney's fees and costs incurred in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted (or discovery is provided after the filing). . . the court *must* . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.") (emphasis added).

Accordingly, it is **ORDERED**:

(1) Final Expense's motion to compel (Doc. 139) is **GRANTED**. By **September 12, 2025**, the defendants must properly respond to Final Expense's First Set of Requests for Production Nos. 7, 8, 10, and 12; Final Expense's Corrected Second Set of Requests for Production Nos. 4, 12 and 17; Final Expense's Third Set of Requests for Production

Nos. 4, and 7; and Final Expense's Fourth Set of Requests for Production Nos. 1, 2, 3, 5, and 6.

(2) Final Expense's reasonable attorney's fees and expenses incurred in bringing this motion are awarded against the defendants. The parties must confer and attempt to agree on the reasonable amount of attorney's fees and expenses that Final Expense incurred in relation to this motion. If the parties cannot agree, Final Expense may file a motion with supporting documentation.

(3) The Clerk is directed to **STRIKE** the defendants' improperly filed discovery responses (Doc. 152).

**ORDERED** in Tampa, Florida, on August 20, 2025.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge