UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FINAL EXPENSE DIRECT,**

    **Plaintiff,**

v.                                                Case No. 8:23-cv-2093-WFJ-AAS

**PYTHON LEADS, LLC, et al.**

    **Defendants.**
_____/

## ORDER

Plaintiff Final Expense Direct (Final Expense) moves for an order compelling Defendants Jacquelyn Leah Levin and David Levin (collectively, the defendants) to produce documents responsive to Final Expense's fifth set of requests for production nos. 1, 2, 15, and 17. (Doc. 151). The court directed the defendants to respond to Final Expense's motion by August 28, 2025, and warned that if the defendants failed to respond timely, then the motion would be treated as unopposed. (Doc. 155). On August 20, 2025, Mr. Levin, proceeding pro se, filed a response in opposition to Final Expenses' motion. (Doc. 153). Final Expense replied to Mr. Levin's response. (Doc. 157). Ms. Levin did not respond to Final Expense's motion as directed.[1]

---

[1] Although Ms. Levin objected to a prior discovery order, she failed to respond to the instant motion. (*See* Doc. 158).

1

Because Ms. Levin failed to respond to the motion to compel, it is now treated as unopposed and due to be granted as her responses to Final Expense's fifth set of requests for production nos. 1, 2, 15, and 17. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to respond timely, the motion is subject to treatment as unopposed.").

Mr. Levin's response raises these objections to the discovery requests at issue: (1) Mr. Levin is not in custody or control of the documents due to his status an independent contractor; (2) Mr. Levin cannot produce documents because they were destroyed in a flood; (3) the requests at issue are not proportional to the needs of the case and are unduly burdensome; and (4) Mr. Levin should not be compelled to produce documents shared with co-defendant Ms. Levin, with whom he had shared counsel. (Doc. 153, pp. 2–4).

Final Expense's fifth requests for production nos. 1, 2, 15, and 17, request electronic communications and text messages about the training information provided to Defendant Ali Raza; Ms. Levin's instructions to Mr. Levin on how to handle Telephone Consumer Protection Act (TCPA) complaints; guidance given to Mr. Raza about what to convey to prospective clients regarding indemnity or Python's insurance; and whether the Mr. Levin and Ms. Levin corrected Mr. Raza for representing himself as a Python officer in his signature block.

As an initial matter, Mr. Levin's claim that he was an independent contractor does not exclude him from producing the requested documents. Indeed, in this capacity, he owned his tools and equipment while serving as Python's Head of Compliance. *See Freund v. Hi-Tech Satellite, Inc.*, 185 F. App'x 782, 784 (11th Cir. 2006). Additionally, Mr. Levin would use his personal email address to communicate with Ms. Levin and Final Expense. Thus, Mr. Levin's argument that he is not in custody or control of the requested documents due to his status as an independent contractor is unavailing.

Second, Mr. Levin failed to document a good-faith effort to obtain those documents from his former attorney, Seth Burack, even after the flood that affected Mr. Levin's residence in 2024. Mr. Levin cannot be denied access to documents transmitted during Attorney Burack's joint representation of Ms. Levin and Mr. Levin. "[A] defendant is entitled to the return of personal property that he or she provided to counsel." *Potts v. State*, 869 So. 2d 1223, 1225 (Fla. 2d DCA 2004); *Thompson v. Unterberger*, 577 So. 2d 684, 686 (Fla. 2d DCA 1991) (holding that an attorney must return a client's personal property, including case records).

Finally, Mr. Levin's proportionality and undue burden arguments fail. Mr. Levin does not lack access to documents that existed during his joint representation with Python and Ms. Levin under Attorney Burack. In addition, the discovery requests at issue are relevant to Final Expense's negligent

3

supervision claims against the defendants. These claims involve the alleged failure to train employees adequately and address the unfitness of their agents to comply with the TCPA and federal and state regulations. Further, Mr. Levin did not raise undue burden or proportionality objections during discovery, and the protective order addresses any potential confidentiality concerns. (*See* Docs. 43-1, 44).

Accordingly, Final Expense's motion to compel (Doc. 151) is **GRANTED**. By **September 23, 2025**, the defendants must produce documents responsive to Final Expense's Fifth Set of Requests for Production Nos. 1, 2, 15, and 17.[2]

**ORDERED** in Tampa, Florida, on September 9, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] Due to pro se defendant Mr. Levin's attempted response, the court declines to shift attorney's fees and expenses at this time. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).