UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FINAL EXPENSE DIRECT**,

    Plaintiff,
v.                                                                          Case No. 8:23-cv-2093-WFJ-AAS

**PYTHON LEADS, LLC**, **JACQUELYN LEAH LEVIN**, **DAVID LEVIN**, and **ALI RAZA**,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Ali Raza's ("Raza") Motion to Deem Requests for Admissions Admitted Against Defendant Python Leads, LLC (the "Motion"), pursuant to Federal Rule of Civil Procedure 36(a)(3). Dkt. 176. Defendant Python Leads, LLC ("Python") has responded in opposition, Dkt. 193, and Defendant Raza has replied. Dkt. 194. Plaintiff Final Expense Direct ("Final Expense") has also responded, Dkt. 190, and Defendant Raza has replied. Dkt. 192. After careful consideration, the Court grants Defendant Raza's Motion to Deem Requests for Admissions Admitted. Dkt. 176.

## BACKGROUND

On July 23, 2025, Defendant Raza served Defendant Python with Requests for Admissions (RFAs). Dkt. 176 at 5–8. 99 days after service of the RFAs, on

October 30, 2025, Defendant Raza filed the present Motion, requesting that the Court deem all matters within his RFAs admitted. Dkt. 176. 113 days after service of the RFAs, on November 13, 2025, Defendant Python filed its Response in opposition to the Motion, which included responses to the RFAs. Dkt. 193 at 4–6.

## DISCUSSION

"Federal Rule of Civil Procedure 36 expressly provides that requests for admissions are automatically deemed admitted if not answered within 30 days, and that the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions." *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992) (citation omitted); *see Haas v. Fancher (In re Fancher)*, 802 F. App'x 538, 542 (11th Cir. 2020) (referencing the automatic effect of Rule 36(a)(3) to convert "requests into admissions"). The untimely nature of Defendant Python's responses is not in contention. *See* Dkt. 193 1–2. Thus, the RFAs are deemed admitted by operation of law.

Upon motion, the Court may permit the withdrawal or amendment of an admission. *See* Fed. R. Civ. P. 36(b) (stating that the withdrawal or amendment of an admission may be permitted if "[1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits"); *see also Perez v. Miami-Dade*

*Cnty.* 297 F.3d 1255, 1264 (11th Cir. 2002) (establishing a two-part test based on Rule 36(b) that must be applied in deciding motions to withdraw admissions). The Court declines to construe Defendant Python's Response as a Rule 36(b) motion to withdraw or amend its admissions, as it does not appear to directly request a withdrawal or amendment; instead, Defendant Python provides minimal substantive argument as to why the Court should merely accept its untimely responses in lieu of its admissions. *See* Dkt. 193 at 1–2 (showing two sentences of argument).

Plaintiff seeks to avoid these admissions by Python. Plaintiff provides a robust analysis as to why Defendant Python's admissions should be withdrawn, but the Court finds this argument to be inapt as Defendant Python's admissions may only be utilized by Defendant Raza against Defendant Python—the admitting party—and not against Plaintiff. *See Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 567 (11th Cir. 1987); *First Acceptance Ins. Co., Inc. v. Ramirez*, No. 3:08-CV-1078-J-34JRK, 2010 WL 779315, at *6 (M.D. Fla. Feb. 26, 2010) ("The rights or liabilities of one party should not be beholden to the failure of another party, particularly an opposing party, to respond to requests for admissions. Such deemed admissions may appropriately bind the defaulting party itself, but cannot justly be imposed upon a party that had no involvement in the failure to respond, and had no means to compel the defaulting party's compliance. Finding otherwise would essentially allow the sins of one party to be visited upon another."). Defendant Raza is thus preempted

from utilizing these admissions in his opposition to Plaintiff's pending Partial Motion for Summary Judgment. *See* Dkt. 165. However, the Court finds this to be a non-issue, considering that Plaintiff does not seek summary judgment as to the sole claim against Defendant Raza. *See* Dkt. 203 at 1–2 (Plaintiff's Reply to Defendant Raza's Response to the partial Motion for Summary Judgment, stating that Plaintiff "has not sought summary judgment against Defendant Ali Raza").

Therefore, Defendant Raza's Motion to Deem Requests for Admissions Admitted Against Defendant Python Leads, LLC, Dkt. 176, is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, on December 15, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record