**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FINAL EXPENSE DIRECT**,

     Plaintiff,

v.                                    Case No. 8:23-cv-2093-WFJ-AAS

**PYTHON LEADS, LLC**, **JACQUELYN**
**LEAH LEVIN**, **DAVID LEVIN**, and
**ALI RAZA**,

     Defendants.

_____/

## <u>ORDER</u>

Before the Court is Plaintiff Final Expense Direct's Motion for Sanctions, Dkt. 168, Defendants Python Leads, LLC, Jacquelyn Leah Levin, and David Levin's (the "Python Defendants") response in opposition, Dkt. 178, and Plaintiff's reply. Dkt. 195. United States Magistrate Judge Sansone issued a Report and Recommendation ("Report") that the motion be granted, default judgment be entered against the Python Defendants and that Plaintiff be found entitled to attorney's fees. Dkt. 231. The Python Defendants filed a timely objection. Dkt. 238. Upon careful consideration, the Court adopts the Magistrate Judge's thorough and well-reasoned Report and grants Plaintiff's Motion for Sanctions.

## LEGAL STANDARD

When a party makes timely and specific objections to a report and recommendation of a magistrate judge, a district judge shall conduct a *de novo* review of the portions of the record to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the Court may accept, reject, or modify the magistrate judge's Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem. Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

## DISCUSSION

Plaintiff seeks sanctions, particularly the entry of a default judgment under Federal Rules of Civil Procedure 37(b). *See generally* Dkt. 168. A district court has the discretion to sanction a party by imposing a default judgment where "the court (1) followed the proper procedure before entering the default judgment; (2) determined [the party's] actions were willful and in bad faith; (3) found that a sanction of default was necessary; and (4) determined that [the] complaint sufficiently stated a claim for relief[.]" *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 639 (11th Cir. 2019).

The Python Defendants object to the Report by arguing that it improperly recommends default judgment by: contradicting the Court's prior order and

2

overlooking merit deficiencies (Objections I, IV, & VI); failing to consider lesser sanctions (Objection II); failing to provide notice (Objection III); relying on a procedurally unfair evidentiary hearing (Objection V); and lacking evidence of willfulness or prejudice (Objection VII). The Court addresses each objection in turn.

## I. Objections I, IV, & VI: Conflict with Prior Order and Merit Deficiencies

The Python Defendants argue that the Report's recommendation of default judgment "effectively nullifies" the Court's January 9, 2026, order regarding Plaintiff's Partial Motion for Summary Judgment (the "Partial MSJ"). Dkt. 238 at 2–3. The Court overrules this objection.

In the Partial MSJ, Plaintiff sought summary judgment against the Python Defendants regarding Counts I, II, III, IV, VIII, IX, X, and XI. *See* Dkt. 165. The Court granted the motion in part on Count I (breach of contract) as it relates to the settlement of Wes Newman's TCPA claim, finding no genuine dispute of material fact. Dkt. 211 at 8–18. The Court denied the motion in part on Count I as it relates to the settlements of Robert Duane, Joe Ferguson, and Thomas Matthews, as well as on Counts II and III (breach of contract and breach of implied contract), due to genuine disputes of material fact. *Id.* at 8–19. The Court also denied the motion on Count IV (promissory estoppel), concluding that such a claim is not cognizable where a written contract governs the disputed promise. *Id.* at 19–20. Lastly, the Court

denied the motion as to the tort claims of Counts VIII, IX, X, and XI, as they were barred by the independent tort doctrine. *Id.* at 20–24.

The Python Defendants' argument centers around the contention that default judgment would "eliminate[] the very factual disputes preserved for trial and risk[] overriding the Court's substantive determinations," and that default judgment would "relieve Plaintiff of its burden of proof." Dkt. 238 at 3, 6, 9. The Python Defendants appear to misunderstand the legal standard required for a Rule 37 sanction of default judgment. Whereas the Court considered Plaintiff's Partial MSJ on the merits, once the Court otherwise establishes that default judgment is the proper sanction—which the Magistrate Judge did—it must only determine that the "complaint sufficiently stated a claim for relief[.]" *Thornton*, 787 F. App'x at 639. Therefore, the existence of previously identified factual disputes does not preclude entry of default judgment as a sanction where the pleading itself is sufficient.

This resolves the Python Defendants' first objection. As to the alleged deficiencies in the merits of Plaintiff's claims as pled, the Court now considers each claim *de novo*. Count I brings a breach of contract claim against Python Leads, LLC, Dkt. 70 ¶¶ 32–39; Count II brings a breach of contract claim against Ms. Levin, *id.* ¶¶ 40–48; and Count VI brings a Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim against Python Leads, LLC, Ms. Levin, and Mr. Levin. Dkt. 70 ¶¶ 72–80. Upon a thorough review of Plaintiff's Second Amended Complaint, the

4

Court concurs with the Magistrate Judge and finds that Plaintiff sufficiently stated each of these claims against the respective defendants.

Counts VII, IX, and XI each bring a different tort claim against Python Leads, LLC, Ms. Levin, and Mr. Levin. *Id.* ¶¶ 81–88, 94–95, 100–103. Count VIII brings a tort claim against Python Leads, LLC—or alternatively, Ms. Levin. *Id.* ¶ 89–93. In Florida, the independent tort doctrine bars tort claims "where the offending party has committed no breach of duty independent of a breach of its contractual obligations." *Roop v. Prime Rate Premium Fin. Corp.*, 710 F. Supp. 3d 1165, 1175 (M.D. Fla. 2024) (citation modified); *see UN2JC AIR 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. 4th DCA 2021) (citation omitted) (finding that "a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract"). The Court has found that Counts I and II sufficiently state breach of contract claims against Python Leads, LLC and Ms. Levin, respectively, with the relevant contract including the same obligation as alleged under Counts VII, VIII, IX, and XI; namely, to indemnify Plaintiff for TCPA claims. *See* Dkt. 70 ¶¶ 32–39, 81–95, 100–103; *see also* Dkt. 211 at 20–24 (providing an independent tort doctrine analysis for Counts VIII, IX, X, and XI). Thus, under the independent tort doctrine, Counts VII, VIII, IX, and XI are unavailable against Python Leads, LLC and Ms. Levin.[1]

---

[1] In light of the Court's prior independent tort doctrine analysis, *see* Dkt. 211 at 20–24, the Court slightly modifies the recommendation of the Report and does not enter default judgment against Python Leads, LLC and Ms. Levin as to Counts VII, VIII, IX, and XI. This does not affect the Court's findings as to the appropriateness of the Rule 37(b) sanction.

Mr. Levin remains as a viable defendant for Counts VII, IX, and XI. The Court finds these tort claims are sufficiently stated against Mr. Levin. Counts III, IV, V, X, XII need not be addressed, as they were pleaded in the alternative. *See* Dkt. 70 ¶¶ 50, 56, 65, 97, 105; *see also* Dkt. 231 at 12 n.6. Accordingly, the Court overrules the Python Defendants' first, fourth, and sixth objections.

## II.    Objection II: Lesser Sanctions

The Python Defendants next argue that the Report "does not meaningfully analyze lesser sanctions such as monetary penalties, conditional compliance orders, evidentiary limitations, or cost-shifting, nor does it make explicit findings that such measures would be ineffective." Dkt. 238 at 5. This is followed by the conclusory statement that such "omission is fatal where default is contemplated." *Id.* The Court overrules this objection.

The Eleventh Circuit has held that a default judgment is "appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Eagle Hosp. Physicians*, 561 F.3d at 1306 (citation modified). "Thus, the Court must address whether lesser sanctions would be ineffective." *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-cv-1908-WWB-EJK, 2022 WL 291787, at *4 (M.D. Fla. Jan. 18, 2022) (citing *Thornton*, 787 F. App'x at 638). However, a party's "continuous, systematic, willful, flagrant, and bad faith disobedience of [a discovery order] instructs that [it] will not comply with

6

any lesser sanctions that the court can impose." *People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899-T-36AAS, 2019 WL 8495846, at *14 (M.D. Fla. July 30, 2019), *report and recommendation adopted*, 2020 WL 13614406 (M.D. Fla. Feb. 26, 2020), *appeal dismissed*, 2020 WL 4436709 (11th Cir. June 1, 2020); *see Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) ("[A] default sanction may be proper even when not preceded by the imposition of lesser sanctions. When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions.").[2]

Despite multiple court orders compelling production, *see* Dkts. 148, 149, 154, 159, the Python Defendants failed to produce key categories of documents. This failure persisted even after the Magistrate Judge considered and rejected the Python Defendants' objections and excuses regarding possession and control of the documents, *see* Dkts. 154, 159, and despite their prior representations that responsive materials would be produced. Dkt. 223-8. As a result, Final Expense was deprived of discovery essential to the issues remaining for trial. Given the Python Defendants' continued noncompliance in the face of repeated court intervention, the

---

[2] In their second objection, the Python Defendants cite to case law from the United States District Court for the District of Columbia, while referencing it as "the District Court of Appeals." Dkt. 238 at 4–5 (citing *Shepherd v. American Broadcasting Companies, Inc.*, 862 F.Supp. 486 (D.D.C. 1994)). This case is cited to support the contention that the Magistrate Judge had to establish "by clear and convincing evidence" that lesser sanctions would not be sufficient. *Id.* This is simply not the case in this jurisdiction. *See Phipps v. Blakeney*, 8 F.3d 788, 791 (11th Cir. 1993) ("[S]ome cases speak for themselves and are clear enough without the district court adding a section to its opinion to explain why lesser sanctions were not used. This case is one of those cases.").

Magistrate Judge found that "a lesser sanction would be futile, as Final Expense lacks the discovery needed to properly bring its claims to a jury." Dkt. 231 at 11. The Court agrees. Accordingly, the Court overrules the Python Defendants' second objection.

### III.   Objection III: Lack of Notice

The Python Defendants further object to the Report, arguing that "there ha[ve] been no admonishments by the Court," and thus "there is no evidence in the record to show that [they] received any warning that a default judgment would be entered." Dkt. 238 at 6. The Court overrules this objection.

"Principles of due process require that a party have adequate notice of the consequences of the conduct for which he has been sanctioned." *Goodman v. New Horizons Cmty. Serv. Bd.*, 2006 WL 940646, at *2 (11th Cir. Apr. 12, 2006) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632 (1962)). As found by the Magistrate Judge, Dkt. 231 at 11 ("The defendants had ample notice that their conduct may warrant sanctions, such as default judgment"), the record shows that the Python Defendants had sufficient notice that their noncompliance could lead to sanctions. The court explicitly warned Ms. Levin on June 6, 2025, that violating court orders could result in sanctions, Dkt. 128 at 3, yet the Python Defendants repeatedly failed to comply with multiple discovery deadlines, including orders to respond by August 8, August 15, and September 12, 2025. Dkts. 148, 149, 154. The court also awarded

8

attorney's fees as an initial sanction, Dkt. 154 at 3, and later entered another order requiring production by September 23, 2025, Dkt. 159, which the Python Defendants failed to comply with. Dkt. 231 at 4 ("To date, the defendants have not produced responsive documents."). Despite representations that documents would be produced, Dkt. 223-8, the Python Defendants ultimately "produced nothing further." Dkt. 231 at 10. They even failed to timely respond to the motion for sanctions until ordered to do so. Dkt. 175.

Together, these repeated warnings, court orders, and the lesser sanction demonstrate that the Python Defendants were fully aware of the consequences of their conduct but continued to disregard their obligations. Accordingly, the Court overrules the Python Defendants' third objection.

## IV. Objection V: Evidentiary Hearing

The Python Defendants also object to the Report by arguing that it arose from an improper evidentiary hearing due to the Magistrate Judge's allowance of "Plaintiff's counsel to testify while acting as an advocate." Dkt. 238 at 7. The Court overrules this objection.

Under the Federal Rules of Evidence, "[e]very person is competent to be a witness unless these rules provide otherwise," Fed. R. Evid. 601, and these rules provide no explicit bar against attorneys providing testimony. Nevertheless, under Rule 4-3.7(a) of the Rules Regulating the Florida Bar, "[a] lawyer shall not act as

advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client," with certain exceptions. However, "[t]he key words here are 'at a trial.' Therefore, it follows that a lawyer may act as an advocate at pre-trial (before the start of the trial) . . . proceedings." *Columbo v. Puig*, 745 So. 2d 1106, 1107 (Fla. 3d DCA 1999); *see Phinney v. Phinney*, 2025 WL 97321, at *2 (Fla. 3d DCA Jan. 15, 2025) (collecting cases). The Court finds the Rules Regulating the Florida Bar inapplicable here, as the hearing at issue was a pre-trial evidentiary hearing, not the trial itself.

Furthermore, the purpose of such rules against attorneys acting as witnesses is to "prevent the evils that arise when a lawyer dons the hats of both an advocate and witness for his or her own client." *Scott v. State*, 717 So. 2d 908, 910 (Fla. 1998) (emphasis omitted). An example of such "evil" includes the prejudicial scenario where the fact finder may give more weight to the attorney's testimony. *See Seguros v. World Jet of Del., Inc.*, No. 15-22626-CIV, 2017 WL 3705585, at *2 (S.D. Fla. Aug. 28, 2017). Here, the Magistrate Judge's cogent handling of the evidentiary hearing—as evidenced by the transcript, *see generally* Dkt. 238-1, quells any concern that the judge, as the fact finder, gave improper weight to the testimony of Plaintiff's attorney.

The Python Defendants also briefly argue that the testimony at issue should be inadmissible under Federal Rule of Evidence 403. Dkt. 238 at 8. They contend

10

that "the probative value of the highly biased and opinionated narrative provided by Plaintiff's Counsel as a witness was highly outweighed by the substantially unfair prejudice against the Defendants." *Id.* The Court finds that the Magistrate Judge not only properly sustained the objections concerning instances where Plaintiff's attorney strayed from the facts into argument, *see, e.g.*, Dkt. 238-1 at 21:18–22, 30:20–22, 33:14–17, 37:23–38:3, but also allowed for cross-examination. *Id.* at 12:22–23 ("He can provide his testimony, and you will have an opportunity to cross-examine him."). The Court finds that the probative value of this testimony greatly outweighs any prejudice against the Python Defendants. *See United States v. Costa*, 947 F.2d 919, 924 (11th Cir. 1991) (citation modified) ("[The Eleventh Circuit] has emphasized that the trial judge is accorded the broadest discretion in determining whether evidence should be excluded under Rule 403."). Accordingly, the Court overrules the Python Defendants' fifth objection.

## V.   Objection VII: Lack of Willfulness and Prejudice

Lastly, the Python Defendants object to the Report because it allegedly fails to establish willfulness and prejudice. The Court overrules this objection.

As previously mentioned, a district court may only sanction a party by imposing a default judgment where the court has determined the party's actions were "willful and in bad faith." *See Thornton*, 787 F. App'x at 639; *Singh v. Savor Lounge, LLC*, No. 23-21715-CIV, 2025 WL 411617, at *2 (S.D. Fla. Feb. 4, 2025) (citation

11

modified) (quoting *Young v. Sec'y Fla. for Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010)) ("A party engages in bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."); *see also Marcelle v. Am. Nat'l Delivery, Inc.*, No. 3:09-cv-82-J-34MCR, 2010 WL 1655537, at *3 n.4 (M.D. Fla. Apr. 23, 2010) (collecting cases and noting "[w]hile prejudice to the moving party is certainly a relevant consideration in determining whether a lesser sanction will suffice, the Court is not convinced that Eleventh Circuit precedent requires a showing of prejudice before a court can impose the sanction of default judgment or dismissal").

Here, the Magistrate Judge properly found that the Python Defendants "acted willfully and in bad faith." Dkt. 231 at 11. Plaintiff served five sets of requests for production between December 2, 2022, and June 30, 2025. Dkts. 228-10, 228-11, 228-12, 228-13, 228-14, 228-15, 228-16, but the Python Defendants produced only limited documents in response to the first set, Dkt. 228-8 at 4–5, and thereafter failed to meaningfully supplement their responses. Although Plaintiff attempted to resolve these issues through multiple meet-and-confer efforts, Dkts. 228-1, 228-2, 228-3, 228-4, 228-5, 228-6, 228-7, the Python Defendants failed to cure the deficiencies or provide additional responsive documents. Furthermore, they failed to comply with multiple Court orders compelling them to respond. Dkts. 148, 149, 154, 159. The

12

Magistrate Judge has considered and rejected the Python Defendants' objections and excuses regarding possession and control of the documents. *See* Dkts. 154, 159.

"While each violation, standing alone, could perhaps be attributable to simple negligence, misunderstanding, or the inability to comply," *see Malautea*, 987 F.2d at 1542, "the sheer number of continuous and repeated violations leads this Court to the inescapable conclusion and finding that [the Python Defendants] . . . have demonstrated a willful and bad faith disregard of this Court's Orders, rules, and of the discovery process." *Landfall 2, Inc. v. Datascore-AI, LLC*, No. 22-CV-80801, 2023 WL 2126121, at *19 (S.D. Fla. Feb. 8, 2023), *report and recommendation adopted*, 2023 WL 2276467 (S.D. Fla. Feb. 16, 2023). Accordingly, the Court overrules the Python Defendants' seventh objection.

## CONCLUSION

For the reasons explained in the Report and Recommendation, Dkt. 231, in conjunction with an independent *de novo* examination of the file, the Court rules as follows:

1. The Report and Recommendation of United States Magistrate Judge Sansone, Dkt. 231, is adopted, confirmed, and approved in all material, substantive respects and made a part of this order.

2. Defendants Python Leads, LLC, Jacquelyn Leah Levin, and David Levin's objections, Dkt. 238, are overruled.

13

3.  Plaintiff's Motion for Sanctions, Dkt. 168, is granted.

4.  According to Federal Rule of Civil Procedure 37(b), the Clerk is directed to enter default judgment in Plaintiff's favor against:

    a.  Python Leads, LLC as to Count I (breach of contract);

    b.  Jacquelyn Leah Levin as to Count II (breach of contract);

    c.  Python Leads, LLC, Jacquelyn Leah Levin, and David Levin as to Count VI (FDUTPA);

    d.  David Levin as to Count VII (fraud in the inducement);

    e.  David Levin as to Count IX (fraudulent misrepresentation); and

    f.  David Levin as to Count XI (civil conspiracy).

5.  The Court also finds that Plaintiff Final Expense Direct is entitled to an award of reasonable attorney's fees incurred because of this Motion for Sanctions, with the amount to be determined by separate briefing as required by the Middle District of Florida's Local Rules. *See* Local Rule 7.01(a), (b).

6.  The Clerk is directed to close the case and terminate all pending motions and deadlines.

**DONE AND ORDERED** in Tampa, Florida, on April 1, 2026.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

14