UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FINAL EXPENSE DIRECT**,

    Plaintiff,

v.                                                                    Case No. 8:23-cv-2093-WFJ-AAS

**PYTHON LEADS, LLC**, and **JACQUELYN LEAH LEVIN**, and **DAVID LEVIN**,

    Defendants.

_____/

## ORDER

Before the Court is Defendants Python Leads, LLC, Jacquelyn Leah Levin, and David Levin's ("Defendants") Amended Motion to Set Aside Default Judgment. Dkt. 249. Plaintiff Final Expense Direct ("Final Expense") has responded in opposition, Dkt. 252, and Defendants replied. Dkt. 253. After careful consideration, the Court denies Defendants' motion.

## BACKGROUND

This dispute arises from business dealings between Plaintiff Final Expense, a life insurance company, and Python, a lead generating company. Plaintiff Final Expense's operative second amended complaint raises the following claims: breach of contract (Counts I & II); breach of implied-in-fact contract (Count III); promissory estoppel (Count IV); quantum meruit (Count V); violation of the Florida

Deceptive and Unfair Trade Practices Act (Count VI); fraud in the inducement (Count VII); negligent supervision (Count VIII); fraudulent misrepresentation (Count IX & Count XII); negligent misrepresentation (Count X); and civil conspiracy (Count XI). Dkt 70.

As the Court previously found, Defendants repeatedly failed to comply with discovery deadlines after multiple warnings by the Court. *See* Dkt. 240 at 8–9. Plaintiff Final Expense then moved for sanctions against Defendants for these discovery violations. Dkt. 168. After holding an evidentiary hearing on the matter, Dkt. 227, the Magistrate Judge entered a Report and Recommendation advising the Court to enter default judgment against the Defendants as a sanction under Federal Rule of Civil Procedure 37(b). Dkt. 231. The court adopted the Report and Recommendation and directed the Clerk to enter default judgment in Plaintiff Final Expense's favor against: Python Leads, LLC as to Count I; Jacquelyn Leah Levin as to Count II; Python Leads, LLC, Jacquelyn Leah Levin, and David Levin as to Count VI; David Levin as to Count VII; David Levin as to Count IX; and David Levin as to Count XI. Dkt. 240.

Defendants then retained new counsel as their previous attorney withdrew. Dkts. 244, 246. On April 17, 2026, Defendants filed the present Motion to Set Aside Default Judgment, seeking reconsideration of the Court's order adopting the Report and Recommendation. Dkt. 249.

## DISCUSSION

In their motion, Defendants initially seek reconsideration under Federal Rules of Civil Procedure 55(c), 59(e), and 60(b)(6). Dkt. 249 at 1. The Court finds reconsideration under each of these rules to be inapplicable at the current stage.

Rule 55(c) allows district courts to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). As to the first clause, the Eleventh Circuit has found that "the good cause standard applies to entries of *default*, not entries of *default judgment*[,]" as is the case here. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024). Regarding the second clause—directing courts to apply the Rule 60(b) standard— this "applies only to *final* default judgments." *Id.* "The order here is neither an entry of default nor a final default judgment; it is the entry of a non-final default judgment. The court entered judgment against [Defendants] but did not finalize the damages. Accordingly, Rule 55(c) does not govern." *Id.*

The non-final status of the default judgment similarly preempts the applications of Rules 59(e) and 60(b)(6), as the Eleventh Circuit has held that "Rules 59(e) and 60(b) only come into play after a final, appealable judgment is entered." *Hornady*, 118 F.4th at 1379 (collecting cases). Because damages remain outstanding, these rules also do not govern.

Defendants appear to recognize these deficits in their reply, and thus raise an argument for reconsideration under Rule 54(b).[1] Dkt. 253 at 1. This rule "governs a district court's reconsideration of interlocutory orders. Entry of a non-final default judgment is one such order." *Hornady*, 118 F.4th at 1379.  Under Rule 54(b), district courts retain "considerable discretion" when deciding whether to revisit their interlocutory orders. *Id.* at 1381. Although district courts may "reconsider an interlocutory order before the entry of final judgment[,]" the Eleventh Circuit has cautioned that "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underlie that justifiable caution." *Id.* at 1380. Indeed, such an "extraordinary remedy . . . must be used sparingly," as the Court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Oliveira v. Am. Airlines, Inc.*, No. 6:25-CV-1133-CEM-LHP, 2026 WL 904691, at *1, 2 (M.D. Fla. Apr. 2, 2026) (quoting *Hope v. Sec., Dept. of Corrs.*, No. 616CV2014ORL28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018)).

Here, the Court utilizes its considerable discretion and declines to reconsider its interlocutory and non-final entry of default judgment at this stage. Instead, the

---

[1] While the Court still considers Defendants' argument as to Rule 54(b), it notes that "it is improper to present new arguments in a Reply." *Absolute Activist Value Master Fund v. Devine*, 233 F. Supp. 3d 1297, 1329 (M.D. Fla. 2017) (citing *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005)).

Court advises Defendants that they may submit such arguments for reconsideration upon the entry of a final, appealable judgment.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.  Defendants Python Leads, LLC, Jacquelyn Leah Levin, and David Levin's Amended Motion to Set Aside Default Judgment, Dkt. 249, is **DENIED**;

2.  The clerk is directed to reopen the case for the determination of damages; and

3.  Defendants are directed to respond to Plaintiff Final Expense Direct's motion seeking damages, Dkt. 248, within 14 days of the date of this order. Plaintiff may submit a reply within 7 days thereafter.

**DONE AND ORDERED** in Tampa, Florida, on June 5, 2026.

_/s/ William F. Jung_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record